IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MODA INGLESIDE OIL TERMINAL, LLC § § § § Plaintiff, § § v. § § M/T RIVERSIDE its engines, tackle, etc., § *in rem*. § § Defendant. § | C.A. NO. 2:21-CV-39 <br><br> Admiralty Fed. R. Civ. P. 9(h) |

**M/T RIVERSIDE'S INTERESTS' FIRST CROSS-CLAIM
AGAINST M/V NORDIC AQUARIUS' INTERESTS**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT,
FOR THE SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION:

NOW COMES Cross-Claimants, **GLORY RIVERSIDE NAVIGATION LTD.,** *IN PERSONAM* AND AS OWNER OF M/T RIVERSIDE, *IN REM*, ACTIVE DENIZCILIK VE GEMI İŞLETMECILIĞI A.S., *IN PERSONAM*, and THOME SHIP MANAGEMENT PTE LTD, *IN PERSONAM* (collectively referred to herein as "RIVERSIDE's Interests"), and pursuant to Federal Rule of Civil Procedure 13(g), file this their First Amended Cross-Claim against **OCY AQUARIUS LTD.,** *IN PERSONAM* AND AS OWNER OF M/V NORDIC AQUARIUS, *IN REM*, V.SHIPS NORWAY AS, *IN PERSONAM*, AND NAT CHARTERING LTD., *IN PERSONAM* (collectively referred to herein as "NORDIC AQUARIUS' Interests"). In support thereof, the RIVERSIDE's Interests would respectfully show as follows:

**I.  JURISDICTION & VENUE**

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to 28 U.S.C. § 1333.

Venue is proper in this District pursuant to 28 U.S.C. § 1391, the local rules of the Southern District of Texas, and for the reasons set forth in this Complaint in Intervention. This First Amended Cross-Claim is brought pursuant to Federal Rule of Civil Procedure 13(g), as this First Amended Cross-Claim arises out of the occurrence that is the subject matter of the original action filed by Plaintiff, MODA Ingleside Oil Terminal, LLC ("Plaintiff MODA"), and because the this First Amended Cross-Claim relates to the property that is the subject matter of the original action filed by Plaintiff MODA.

## II.  PARTIES

2. Glory Riverside Navigation LTD. is a foreign corporation or other foreign business entity organized and existing under the laws of Malta, whose headquarters and principal office is located in Istanbul, Turkey. Glory Riverside Navigation LTD. has appeared in this civil action by and through the undersigned attorney of record.

3. Active Shipping VE GEMI is a foreign corporation or other foreign business entity organized and existing under the laws of Turkey, whose headquarters and principal office is located in Istanbul, Turkey. Active Shipping VE GEMI has appeared in this civil action by and through the undersigned attorney of record.

4. Thome Ship Management PTE LTD is a foreign corporation or other foreign business entity organized and existing under the laws of Singapore, whose headquarters and principal office is located in Singapore. Thome Ship Management PTE LTD has appeared in this civil action by and through the undersigned attorney of record.

5. OCY Aquarius LTD., *in persomam*, is a foreign corporation or other foreign business entity with an office and a principal place of business located in Malta. OCY Aquarius LTD. is and was at all relevant times the registered owner of the vessel M/V NORDIC

AQUARIUS. OCY Aquarius Ltd. has answered and appeared herein, and can be served via its attorneys of record, Robert L. Klawetter, James T. Bailey, and Cameron A. Hatzel, EASTHAM WATSON DALE & FORNEY, L.L.P., 808 Travis Street, Suite 1300, Houston, Texas, 77002.

6. V.Ships Norway AS, *in personam*, is a foreign corporation or other foreign business entity with an office and a principal place of business located in Norway. V.Ships Norway AS is and was at all relevant times the technical operator of the vessel M/V NORDIC AQUARIUS. V.Ships Norway AS has answered and appeared herein, and can be served via its attorneys of record, Robert L. Klawetter, James T. Bailey, and Cameron A. Hatzel, EASTHAM WATSON DALE & FORNEY, L.L.P., 808 Travis Street, Suite 1300, Houston, Texas, 77002.

7. NAT Chartering Ltd., *in personam*, is a foreign corporation or other foreign business entity with an office and a principal place of business located in Scotland, United Kingdom. NAT Chartering Ltd. is and was at all relevant times the commercial operator of the vessel M/V NORDIC AQUARIUS. NAT Chartering Ltd. has answered and appeared herein, and can be served via its attorneys of record, Robert L. Klawetter, James T. Bailey, and Cameron A. Hatzel, EASTHAM WATSON DALE & FORNEY, L.L.P., 808 Travis Street, Suite 1300, Houston, Texas, 77002.

### III. FACTUAL BACKGROUND

8. At all material times hereto, Glory Riverside Navigation Ltd. was and is the registered owner of the ocean-going vessel, M/T RIVERSIDE (the "RIVERSIDE"). Active Shipping VE GEMI was and is the commercial manager of the vessel RIVERSIDE. Thome Ship Management PTE Ltd. was and is the technical manager of the vessel RIVERSIDE.

9. On March 15, 2021, Plaintiff MODA filed an Original Verified Complaint in this Court against the RIVERSIDE. *See* D.E. #1. On April 28, 2021, Plaintiff MODA filed a First

Amended Complaint, wherein it brought claims for affirmative relief against the RIVERSIDE's Interests, as well as the NORDIC AQUARIUS' Interests. *See* D.E. # 16. On July 30, 2021, Plaintiff MODA filed a Second Amended Complaint, wherein it brought claims for affirmative relief against the same defendants. *See* D.E. #39. As stated above, RIVERSIDE's Interests and NORDIC AQUARIUS' Interests have each answered and appeared herein, in response to Plaintiff MODA's Second Amended Complaint.

10. On March 15, 2021, the vessel RIVERSIDE was transiting outbound through the Corpus Christi Ship Channel. The vessel RIVERSIDE was fully laden with crude oil during the outbound transit at issue. As she was transiting through the channel, the RIVERSIDE was caused to allide with a dock terminal owned and operated by Plaintiff MODA. *See* D.E. #1.

11. In the minutes prior to the allision at issue, the vessel NORDIC AQUARIUS, having just departed from Plaintiff MODA's terminal, entered the Corpus Christi Ship Channel ahead of the vessel RIVERSIDE. NORDIC AQUARIUS entered the Corpus Christi Ship Channel without enough time and space to allow the vessel RIVERSIDE to safely slow down. RIVERSIDE's transit through the channel was open and obvious. A compulsory harbor pilot was at the helm of the vessel NORDIC AQUARIUS at all material times. The NORDIC AQUARIUS left the RIVERSIDE with only two options: either collide with the NORDIC AQUARIUS, or allide with the MODA dock terminal. NORDIC AQUARIUS's actions in leaving another fully laden oil tanker, or any other vessel, with only these two options is not reasonable. NORDIC AQUARIUS actions clearly failed to exercise prudent seamanship and violated applicable Inland Navigation Rules.

12. The RIVERSIDE sustained substantial damage as a result of the allision, including, without limitation, substantial damage to its hull and port-side anchor. The damage was so severe

that the RIVERSIDE had to be dry-docked for repairs and was out of service for twenty-six (26) days. In addition, immediately after the allision, the RIVERSIDE was prevented from conducting its normal commercial shipping operations for twelve (12) days, and from the discharge port to the drydock location. In total, the RIVERSIDE was out of service for forty-eight (48) days and unable to generate income during that period as a direct result of the allision.

## IV. CAUSES OF ACTION

13. RIVERSIDE's Interests incorporate herein by reference Paragraphs 1 through 12, as though the same were more fully set forth at length below.

14. The vessel NORDIC AQUARIUS and her ownership and management interests, the NORDIC AQUARIUS' Interests, are liable for their vessel's negligent actions, inactions, and omissions, which caused the vessel RIVERSIDE to allide with the MODA dock terminal. Furthermore, the negligence of compulsory pilots is imputed to the vessel in rem. *See Homer Ramsdell Transp. Co. v. La Compagnie Generale Transatlantique*, 182 U.S. 406 (1901); *THE CHINA*, 74 U.S. (7 Wall.) 53 (1868); *see Transorient Navigators Co., S.A. v. M/S SOUTHWIND*, 788 F.2d 288 (5th Cir. 1986).

15. In its Second Amended Complaint, Plaintiff MODA has alleged that its terminal was damaged as a result of the negligence of the vessel RIVERSIDE, which the RIVERSIDE and the RIVERSIDE's Interests has in all things denied. However, if Plaintiff MODA is successful in establishing that it sustained damages as to the RIVERSIDE's Interests, the said damages resulted, instead, from the fault and/or negligence of the NORDIC AQUARIUS and the NORDIC AQUARIUS' Interests, through the negligent manner in which the vessel NORDIC AQUARIUS departed the MODA dock ahead of the vessel RIVERSIDE, thereby depriving the RIVERSIDE enough time and space to sufficiently slow her speed through the channel.

16. Furthermore, upon information and belief, the vessel NORDIC AQUARIUS and the NORDIC AQUARIUS' Interests were negligent *per se*, as they violated: Inland Navigation Rule 5 in failing to maintain a proper lookout when departing the MODA dock terminal ahead of the vessel RIVERSIDE; Inland Navigation Rule 7 in failing to determine a risk of collision); and Inland Navigation Rule 9 in failing to keep to the starboard side of the narrow ship channel during her outbound transit and thus impeding the outbound passage of the vessel RIVERSIDE, thereby depriving the RIVERSIDE sufficient time and space to safely slow her speed through the channel.

17. Accordingly, should Plaintiff MODA be successful in establishing that its dock terminal sustained damages caused by the vessel RIVERSIDE, the RIVERSIDE's Interests hereby sue NORDIC AQUARIUS' Interests for complete indemnity or alternatively, for contribution or reimbursement for that portion of the damages found at trial to be attributable to the negligent actions and omissions of the vessel NORDIC AQUARIUS and/or the NORDIC AQUARIUS' Interests.

## V. DAMAGES

18. Each of the NORDIC AQUARIUS' Interests negligent actions, inactions, and omissions were a direct and proximate cause of the allision, and of actual, incidental, and consequential damages to the RIVERSIDE Interests. Those damages include, but are not limited to, physical damage to the RIVERSIDE, survey costs, classification society costs, inspection costs, incident response costs, overhead, repair costs, replacement costs, loss of use, business interruption, and loss of profits. As of the date of this pleading, both temporary and permanent repair costs to the RIVERSDE, including but not limited to response costs and all associated consequential damages relating to the repairs of the vessel, have exceeded $2,000,000.00. Additionally, the loss of use costs/loss of hire sustained by the RIVERSIDE's Interests arising out

of the incident at issue have exceeded $400,000.00. All of these damages were proximately caused by the NORDIC AQUARIUS' Interests' negligence. At all material times, the RIVERSIDE Interests mitigated their damages in a commercially reasonable manner. The RIVERSIDE's Interests seek damages related to permanent repair costs, loss of use damages, as well as response costs and temporary repairs to the RIVERSIDE vessel, from the NORDIC AQUARIUS' Interests.

19. In addition, the RIVERSIDE Interests seek complete indemnity or, alternatively, contribution or reimbursement from the NORDIC AQUARIUS' Interests of any damages found at trial to be attributable to the negligent actions and omissions of the vessel RIVERSIDE and/or the RIVERSIDE's Interests.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Cross-Claimants, **GLORY RIVERSIDE NAVIGATION LTD.,** *IN PERSONAM* **AND AS OWNER OF M/T RIVERSIDE,** *IN REM*, **ACTIVE DENIZCILIK VE GEMI,** *IN PERSONAM*, **and THOME SHIP MANAGEMENT PTE LTD**, *IN PERSONAM*, pray that OCY Aquarius Ltd., *in personam* and as Owner of M/V NORDIC AQUARIUS, *in rem*, V.Ships Norway AS, *in personam*, NAT Chartering Ltd., *in personam*, be served with a copy of this their First Amended Cross-Claim, and that should judgment in any amount be entered in favor of Plaintiff MODA and against Defendant, M/T RIVERSIDE, *in rem*, and/or the RIVERSIDE Interests, that they be awarded indemnity, contribution, and/or reimbursement over and against the NORDIC AQUARIUS' Interests for any such amount. Further, the RIVERSIDE Interests collectively pray that they be awarded such other and further relief to which they may show themselves to be justly entitled.

**[Signature Page Follows]**

Respectfully submitted,

By: */s/ Dabney W. Pettus*
    Dabney Welsh Pettus
    State Bar No. 24033443
    Federal ID No. 29959
    dpettus@welderleshin.com

**ATTORNEYS-IN-CHARGE FOR CROSS-CLAIMANTS,
GLORY RIVERSIDE NAVIGATION LTD.,
ACTIVE SHIPPING VE GEMI İŞLETMECILIĞI A.S., and
THOME SHIP MANAGEMENT PTE LTD.,**
*In personam*

OF COUNSEL:

WELDER LESHIN LLP
800 North Shoreline Blvd.
Suite 300, North Tower
Corpus Christi, Texas 78401
(361) 561-8000 – Telephone
(361) 561-8001 – Telefax

# CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing pleading was forwarded to the following attorneys of record, in accordance with the Federal Rules of Civil Procedure, on this 12th day of November, 2021.

  Jack C. Partridge
  jack.partridge@roystonlaw.com
  Robert Spangler
  robert.spangler@roystonlaw.com
  ROYSTON, RAYZOR, VICKERY & WILLIAMS LLP
  1300 Frost Bank Plaza
  802 N. Carancahua
  Corpus Christi, Texas 78470
  **Attorneys for Plaintiff,**
  **MODA Ingleside Oil Terminal**

  Robert L. Klawetter
  klawetter@easthamlaw.com
  James T. Bailey
  bailey@easthamlaw.com
  Cameron Hatzel
  hatzel@easthamlaw.com
  EASTHAM, WATSON, DALE & FORNEY, L.L.P.
  808 Travis Street, Suite 1300
  Houston, Texas 77002
  **Attorneys for Defendants**
  **M/T NORDIC AQUARIUS,** *in rem*,
  **OCY Aquarius LTD, NAT Chartering LTD,**
  **and V Ships Norway AS,** *in personam*

           */s/ Dabney W. Pettus*
           Dabney Welsh Pettus

340518
30800.3
        9