IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MODA INGLESIDE OIL TERMINAL, LLC, | § § | |
| v. | § § | C.A. NO. 2:21-CV-00039 |
| | § | Admiralty 9(h) |
| M/T RIVERSIDE, its engines tackle, etc., *in rem, et al.* | § § | |

**NORDIC AQUARIUS INTERESTS' OBJECTIONS AND MOTION TO STRIKE CERTAIN OPINIONS OF EXPERT CAPTAIN JAY RIVERA-BENAVENT**

OCY Aquarius Ltd. ("OCY"), on behalf of itself, and pursuant to its Statement of Right or Interest as the registered owner of the *M/T Nordic Aquarius*, on behalf of the *in rem* Defendant, *M/T Nordic Aquarius*, her engines, tackle, etc. ("*Nordic Aquarius*" or "Vessel"), and NAT Chartering Ltd. ("NAT") and V. Ships Norway AS ("V. Ships"), (collectively the "NA Interests"), file their Objections and Motion to Strike Certain Opinions of Expert Captain Jay Rivera-Benavent ("Rivera") because:

1. Rivera offers new opinions regarding the application of Rule 9 of the Inland Navigation Rules which were not contained in his expert report. To the extent that Rivera has failed to opine on the application and alleged violation of Rule 9 in his report, his subsequent new opinions on that issue are inadmissible.

**I.
BACKGROUND AND INTRODUCTION**

This lawsuit arises out of an incident that occurred on March 15, 2021, when the *M/T Riverside* allided with and subsequently damaged MODA's dock at the MODA Ingleside Energy Center, in Ingleside, Texas. The allision was the result of a loss of propulsion event on the *Riverside* while she was transiting outbound from her berth in Corpus Christi.

Plaintiff alleges that actions taken by the *Nordic Aquarius* contributed to this loss of propulsion event to the extent to the *Nordic Aquarius* made an agreement with the *Riverside* to

allow the *Nordic Aquarius* to come off of its berth ahead of the *Riverside*. Plaintiffs further allege these actions "embarrass[ed] the navigation of the *Riverside* as it was proceeding outbound from Corpus Christi" and thus proximately caused the allision.[1]

Plaintiff filed an Original Verified Complaint on March 15, 2021, identifying the *Riverside*, and the *Riverside* alone, as the responsible part(ies) for the allision and damages. However, on April 28, 2021, the Plaintiff filed a First Amended Complaint to include the NA Interests. On July 30, 2021, the Plaintiff filed a Second Amended Complaint.

Pursuant to the most recent scheduling order filed August 11, 2022, the time to designate experts in the case lapsed on April 15, 2022 for the Plaintiff and May 13, 2022 for the Defendants. Written reports were due at the time of designation.[2]

Against this background, Plaintiff properly designated Jay Rivera-Benavent as its retained marine navigation and transportation expert. Rivera issued a report on April 8, 2022, in which he provided his opinions with regards to the cause of the allision[3]. Additionally on July 28, 2022, Rivera was deposed regarding the same.

During his deposition, Rivera offered opinions regarding the Inland Navigation Rules, specifically Rule 9, which he candidly admitted were not contained within the four corners of his expert report.[4] As such, these opinions are inadmissible and should be stricken from the record.

---

[1] See Docket Entry No. 39 - *Plaintiff's Second Amended Complaint.*
[2] See D.E. No. 68 - *Third Amended Scheduling Order.*
[3] *See* Exhibit "1," Captain Jay Rivera's Report.
[4] *See* Exhibit "2," Deposition of Jay Rivera at p. 74, ll. 1-10; p. 115, ll. 2-21.

## II.
## AUTHORITY AND ANALYSIS

As an initial matter, Defendants notes that by directing the instant motion to particular matters of Rivera's opinions, Defendant is neither stipulating to the witness' qualifications nor waiving any objections to any testimony not specifically addressed herein.

Courts within the Fifth Circuit have consistently held that expert opinions should be limited to the four corners of the expert's report. *See Borel v. Gulf Offshore Logistics, LLC*, No. CV 18-8188, 2019 WL 8112499, at *2 (E.D. La. July 24, 2019); *Carbo v. Chet Morrison Servs., LLC*, No. CIV.A. 12-3007, 2013 WL 5774948, at *6 (E.D. La. Oct. 24, 2013); *Fairley v. ART Catering, Inc.*, No. CV 16-3488, 2018 WL 7288521, at *1 (E.D. La. Sept. 27, 2018). In doing so, the Courts have acknowledged that oftentimes, non-report opinions are based on evidence that [the expert] did not review when he prepared his report. *Fairley*, No. CV 16-3488, 2018 WL 7288521, at *1. The inherent risk associated with these non-report opinions is that the evidence presented by the expert will fail to satisfy the obligatory standards set forth in Rule 702 of the Federal Rules of Evidence which require that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

In *Daubert v. Merrell Dow Pharms., Inc.,* the Supreme Court, elaborated on this standard stating, "[t]he subject of an expert's testimony must be scientific knowledge. The adjective "scientific" implies a grounding in the methods and procedures of science. Similarly, the word "knowledge" connotes *more than subjective belief or unsupported speculation*. The term applies

to any body of known facts or to any body of ideas inferred from such facts or accepted as truths on good grounds." 509 U.S. 579, 589–90, 113 S. Ct. 2786, 2795, 125 L. Ed. 2d 469 (1993) (citation deleted) (emphasis added.) As such "proposed testimony must be supported by appropriate validation—i.e., "good grounds," based on what is known." *Id*. at 590. It this standard that forms the basis for evidentiary reliability. *Id.*

Expert reports are helpful in reinforcing evidentiary reliability because "even though the report itself will not be admitted into evidence or shown to the jury, the report is important insofar as it delineates the permissible bounds of the expert's opinion testimony." *Borel*, No. CV 18-8188, 2019 WL 8112499, at *2. And "[e]ven though in certain circumstances experts can rely on inadmissible evidence to form their opinions, the expert cannot [or rather, should not] be used as a conduit to bring otherwise inadmissible evidence before the jury, particularly irrelevant evidence." *Id.*

In this instance, Rivera gave the following deposition testimony:

Q: Okay. Okay. So you don't have anything as you sit here today, to add or revise in terms of your opinions or you conclusions –

**A: No.**

Q: -- to your report?

**A: No.**

Q: Okay. Were any of the inland rules of the road violated by either of the vessels in relation to this matter that led or contributed to the incident occurring?

**A: So I haven't – I didn't include that in my report.**

Q: If you did, would you have anything to add or include?

**A: I would say that – that – that to a – to a degree, there was – Rule 9 was not followed.**

Q: And Rule 9 –

**A: The narrow channel rule.**

Q: In layman's terms says what?

> **A:** **It says that a vessel – well, I don't have the book in front of me.**
>
> \* \* \*
>
> **A:** **Generally, a vessel that's proceeding through a channel and can only safely proceed down that narrow channel, it's passage must not be interrupted or impeded.**
>
> Q: Okay and was it impeded in this case? Was her – her transit impeded in this case?
>
> **A:** **It's my opinion that the Riverside has to take action to avoid a collision with – with the – with the Nordic Aquarius by reducing its speed … .**[5]

This testimony is not only objectionable because it states opinions drawn from the examining attorney's own beliefs, but Rivera concedes that this opinion is not contained within his report. Further, Rivera admits that at the time of preparing his written report in this case, he had all the information he needed to formulate his opinions.[6] Rivera's impromptu opinion that falls outside of his report should be excluded.[7]

Much like in *Borel*, it appears that counsel is attempting to use Rivera as a conduit to proffer her own conclusions about what occurred. However, experts are not intended to be the voice box of the clients and attorneys that they serve, but rather, they are obligated to provide opinions based on knowledge that is both reliable and supported by the facts presented. Here, there was no new information from the time Rivera prepared his written report to the time he was deposed that led to his epiphany that there was now a Rule 9 violation in this case.

---

[5] *See* Exhibit "2" at p. 73, ll. 20 to p. 75, ll. 6.
[6] *See id*. at p. 115, ll. 15-25 to p. 116, ll. 1-12.
[7] Rivera's off-the-cuff opinion is not insignificant. In terms of the liability aspects of this case, a Rule 9 violation would implicate the *Pennsylvania* Rule which provides that if a vessel is in some violation of a navigation statute at the time of a collision, the vessel is presumed to be at fault.

**CONCLUSION**

For these reasons, this court should limit the testimony of Captain Jay Rivera-Benavent to the four corners of his expert report and exclude certain opinions contained in his deposition regarding Rule 9 of the Inland Navigation Rules. The NA Interests pray that this Court grant the Motion To Strike Certain Opinions of Expert Captain Jay Rivera-Benavent as set forth herein and grant such other relief to which Defendants may be justly entitled.

Respectfully submitted,

*/s/ James T. Bailey*
Robert L. Klawetter
Federal I.D. No. 2471
State Bar No. 11554700
rklawetter@sbsb-eastham.com
James T. Bailey
Federal I.D. NO. 30347
State Bar No. 24031711
jbailey@sbsb-eastham.com
1001 McKinney Street, Suite 1400
Houston, TX 77002
Telephone: (713) 225-0905
Facsimile: (713) 574-2942

*Attorneys for the Nordic Aquarius Interests*

OF COUNSEL:

SCHOUEST, BAMDAS, SOSHEA, BENMAIER & EASTHAM PLLC

## **CERTIFICATE OF SERVICE**

      I certify that I filed the foregoing Motion on September 23, 2022, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the Electronic Case Filing System of the United State District Court for the Southern District of Texas, Corpus Christi Division.

                                                       */s/ James T. Bailey*
                                                       James T. Bailey