IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MODA INGLESIDE OIL TERMINAL, LLC, § <br> § <br> v. § <br> § <br> M/T RIVERSIDE, its engines tackle, etc., *in rem*, et al. § § | C.A. NO. 2:21-CV-00039 <br> Admiralty 9(h) |

**NORDIC AQUARIUS INTERESTS' REPLY TO MODA'S RESPONSE TO MOTION TO STRIKE CERTAIN OPINIONS OF EXPERT CAPTAIN JAY RIVERA-BENAVENT**

The *Nordic Aquarius* Interests ("NA Interests") file their Reply to MODA's Response to the Objections and Motion to Strike Certain Opinions of Expert Captain Jay Rivera-Benavent.

- MODA does not dispute that Rivera's expert report fails to include a specific opinion related to a Rule 9 violation by the *Nordic Aquarius*. In fact, even Rivera himself admitted his report contained no such opinion.

- MODA's attempt to mischaracterize this issue as an "inconsistency" between Rivera's report and deposition testimony fails. Rivera's proffer of a new, substantive opinion outside the scope of his report is not an "inconsistency." Rather it was an **omission** from his report and it should now be excluded.

**REPLY POINTS**

1. The NA Interests are not challenging Rivera on the basis of his experience as a former harbor pilot. The issue is that Rivera, despite having a fully developed factual record at the time of his report, proffered no opinion on (nor did he even mention) any alleged violation of the Inland Navigation Rules—specifically Rule 9.[1] MODA does not dispute this and Rivera even admitted such an opinion was "not included in [his] report." (*See* Exhibit "2" to NA Interests Motion at p. 73, ll. 20 to p. 75, ll. 6.)

---

[1] Rule 9 provides in relevant part: A vessel shall not cross a narrow channel or fairway if such crossing impedes the passage of a vessel which can safely navigate only within that channel or fairway. Inland Navigation Rule 9(d).

2.      Rivera's new opinion that the NA Interests violated Rule 9 is a substantive new opinion that directly affects the liability issues in this case. In his report, Rivera's opinions on liability are cast in terms of negligence under the general maritime law. The elements of negligence in an admiralty case are the same as at common law. *See Canal Barge Co., Inc. v. Torco Oil Co.,* 220 F.3d 370, 376 (5th. Cir. 2000).

3.      However, by offering the new opinion that the NA Interests committed a Rule 9 violation under the Inland Navigation Rules, Rivera's opinions expanded beyond concepts of general negligence under maritime law. Instead, the assertion that NA Interests breached Rule 9 invokes the maritime law rule of *The Pennsylvania*. Under the *Pennsylvania* Rule, a presumption is created that "one who violates a regulation intended to prevent collisions will be deemed responsible." *Mike Hooks Dredging Co., Inc. v. Marquette Transp. Gulf-Inland, L.L.C.*, 716 F.3d 886, 891 (5th Cir. 2013). Thus, the NA Interests would bear the burden of showing not merely that their alleged fault might not have been one of the causes or that it probably was not, ***but that it could not have been***. *Id*. (quoting *The Pennsylvania*, 86 U.S. (19 Wall.) 125, 136 (1873).)

4.      MODA tries to minimize the effect of Rivera's new opinion by referring to it as "a few isolated statements" for which this Court can give "whatever weight [they] deserve." (MODA's Response at p. 3.) This grossly oversimplifies the issue and ignores the fact that Rivera's new opinion creates a presumption of fault and alters the burdens of proof in this case. Not only is this opinion nowhere to be found within the four corners of Rivera's expert report, but also there is absolutely no mention of the Inland Navigation Rules whatsoever or Rule 9 in particular. MODA should not be able to benefit by having its retained navigation expert write a cursory report and then be able to fundamentally shift evidentiary presumptions and burdens at the prompting of counsel at his deposition.

5.      Further, MODA's effort to frame Rivera's new opinion as an "inconsistency" between his report and deposition testimony strains credulity. This is not the case of an "inconsistency," but rather an "omission" and Rivera himself admits it. Of significance is that that MODA spends an entire section of its Response *contradicting the sworn testimony of its own retained expert*:

**CAPT. RIVERA'S RULE 9 TESTIMONY WAS WITHIN THE FOUR CORNERS OF IS REPORT**

(*See* MODA'S Response at p. 3) (emphasis in original.)

Contrast MODA's argument with the following testimony from Rivera:

> Q.   Okay.  Were any of the inland rules of the road violated by either of the vessels in relation to this matter that led or contributed to the incident occurring?
>
> A:   *So I haven't – I didn't include that in my report.*

(*See* Exhibit "2" to NA Interests' Motion at p. 74, ll. 1-6) (emphasis added.)

If there is any inconsistency here, it is between MODA and its own expert in terms of what opinions each contends are or are not included in Rivera's report.

6.      It would be one thing if Rivera—who is a seasoned maritime litigation expert—came to his new opinion on the basis of new facts or information developed in between writing his expert report and providing his deposition. However, that is objectively not the case here: Rivera wrote his report with a fully-developed factual record on the navigation issues in this case. He testified at his deposition that: 1) he had nothing to "add or revise" in terms of his opinions or conclusions; 2) at the time he prepared his expert report, he had all the information he needed to give his opinions; and 3) any information he reviewed between the time he issued his report and the time he was deposed did not alter any of the opinions contained within his report. (*See* Exhibit "2" to NA Interests' Motion at p. 115, ll. 15-25 to p. 116, ll. 1-18.) As such, Rivera's new opinion

on any alleged violation of Inland Rule 9 is outside the four-corners of his report, is untimely, and should be stricken.

For these reasons, as well as those set forth in their Motion, this Court should limit the testimony of Captain Jay Rivera-Benavent to the four corners of his expert report and exclude certain opinions contained in his deposition regarding Rule 9 of the Inland Navigation Rules. The NA Interests pray that this Court grant their Motion To Strike Certain Opinions of Expert Captain Jay Rivera-Benavent and grant such other relief to which the NA Interests may be justly entitled.

Respectfully submitted,

*/s/ James T. Bailey*
Robert L. Klawetter
Federal I.D. No. 2471
State Bar No. 11554700
rklawetter@sbsb-eastham.com
James T. Bailey
Federal I.D. NO. 30347
State Bar No. 24031711
jbailey@sbsb-eastham.com
1001 McKinney Street, Suite 1400
Houston, TX 77002
Telephone: (713) 225-0905
Facsimile: (713) 574-2942

*Attorneys for the Nordic Aquarius Interests*

OF COUNSEL:

SCHOUEST, BAMDAS, SOSHEA, BENMAIER & EASTHAM PLLC

**CERTIFICATE OF SERVICE**

      I certify that I filed the foregoing Reply on October 20, 2022, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the Electronic Case Filing System of the United State District Court for the Southern District of Texas, Corpus Christi Division.

*/s/ James T. Bailey*
James T. Bailey

23735♦2PBBFO115

5